## CASPERS v. DRY-DOCK & E. B. R. CO.

(Supreme Court, Appellate Division, First Department. November 19, 1897.)

1. APPEAL—QUESTION FOR REVIEW.
    Upon the trial of a negligence action, the defendant, at the close of plaintiff's case, moved for a nonsuit. After first denying this motion, and then recalling his ruling, and leaving the question undecided, the judge submitted to the jury, under Code Civ. Proc. § 1187, as amended by Laws 1895, p. 835, c. 946, and against defendant's objection, the three questions: Was plaintiff free from contributory negligence? was defendant guilty of negligence? and, if so, the amount of damage. The jury answered the first two in the affirmative, and found plaintiff's damage to be $1,500. Thereupon the judge dismissed the complaint. *Held*, that on appeal from the judgment entered for defendant the question was whether defendant was entitled to a nonsuit when its motion was made and denied.

2. PASSENGER ON STREET CAR—CONTRIBUTORY NEGLIGENCE.
    Plaintiff, while waiting for a surface car, saw that there were vehicles standing not far up the avenue. He boarded an open car going up town, and, though he might without difficulty have walked into the car, he remained standing on the footboard, which ran along lengthwise, and he was struck by the hub of one of the vehicles he had seen, and was injured. *Held*, that plaintiff did not show freedom from contributory negligence.

47 N.Y.S.—61

Appeal from trial term.

Action by Paul Caspers against the Dry-Dock & East Broadway Railroad Company. From a judgment dismissing the complaint after trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

H. A. Walker, for appellant.

J. M. Scribner, for respondent.

PATTERSON, J.   This is an action to recover damages for personal injuries sustained by the plaintiff while a passenger upon one of the defendant's cars.   It is alleged that such injuries were caused by the negligence of the servants of the defendant in charge of the car.   At the close of the plaintiff's case, the defendant moved for a nonsuit on the grounds, among others, that no negligence on the part of the defendant had been proven, and that contributory negligence on the part of the plaintiff was established by his own testimony.   The case rested altogether upon evidence introduced by the plaintiff, the defendant relying upon its motion for a nonsuit.   The trial judge at first denied that motion, and the defendant duly excepted.   Subsequently the judge recalled his ruling, and determined to allow the motion to stand undecided, and submitted to the jury three specific questions, announcing that the disposition he would make of the motion for a nonsuit would depend upon the answers to those questions.   To use his own language: "I am going to act under section 1187 of the Code, and pass upon that question of nonsuit."   The defendant excepted to that ruling of the court, and objected to the submission of any question to the jury, and for the reason "that there was no question of fact to go to the jury."   The court thereupon left to the jury three matters for their determination, viz.: "First. Was the plaintiff free from contributory negligence? Second. Was the defendant guilty of negligence?   And, third, if the plaintiff were free from negligence contributing to the injury, and the defendant guilty of negligence, what was the damage the plaintiff sustained, if anything?"   The jury returned answers to the first and second questions in the affirmative, and also found that the plaintiff had sustained damage in the sum of $1,500.   Immediately the findings of the jury were brought in, the court dismissed the complaint, judgment was entered for the defendant upon that direction, and from that judgment the plaintiff appeals.

By an amendment of section 1187 of the Code of Civil Procedure, which took effect January 1, 1896, the practice resorted to by the judge upon the trial of this cause is authorized under certain circumstances.   It provides that:

"When a motion is made to non-suit the plaintiff or for the direction of a verdict, the court may, pending the decision of such motion, submit any question of fact raised by the pleadings to the jury, or require the jury to assess the damage. After the jury shall have rendered a special verdict upon such submission or shall have assessed the. damage, the court may then pass upon the motion to non-suit or direct such general verdict as either party may be entitled to."

The same section provides that on an appeal from the judgment entered upon such nonsuit such special or general verdict shall form part of the record, and the appellate division may direct such judgment thereon as either party may be entitled to.    The appellate court is thus enabled upon established facts to render such judgment as those facts may require, and, if a nonsuit has been improperly ordered, to render judgment for the plaintiff without the necessity of a new trial.    The provisions of the Code contained in this section are new and important.    There are many cases on the border line, in which grave doubt may exist in the mind of the trial judge as to the right of the plaintiff to maintain an action as matter of law, and these provisions of the Code are designed to supply a much-needed reform in the practice.    But there is nothing in this section of the Code which affects the right of a defendant to a compulsory nonsuit, where there is complete failure of proof on the part of the plaintiff; and if the court, as in this case, unnecessarily submits questions of fact to the jury under the authority of this section, that circumstance cannot militate against the defendant's right to insist upon his claim that there was nothing to go to the jury.    Here the trial judge, in effect, submitted the whole case to the jury; for what else is there in any action for damages for injuries arising from negligence than the three matters left to the jury under the form of specific questions in this case?    The whole case went to the jury, and the claim is that the jury found, in effect, a general verdict, which could only be set aside on motion.    The question in the case is, was the defendant entitled to a nonsuit, when its motion was made and denied?    Compulsory nonsuits, in all cases where it is clear that a verdict for the plaintiff cannot be sustained upon the evidence, have always been permitted in practice in the courts of this state; and "in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof rests."    Improvement Co. v. Munson, 14 Wall. 442; Dwight v. Insurance Co., 103 N. Y. 359, 8 N. E. 662.

The real question in this case, therefore, is whether the court below was right in directing the nonsuit, and not whether the court improperly put the whole case to the jury in the way mentioned.    The findings of the jury would have been conclusive on a general submission subject to the power of the court to set aside the verdict; but the course pursued was technically allowable, and those findings did not entitle the plaintiff to a judgment, for by the section of the Code above referred to the power and authority of the judge to grant a nonsuit notwithstanding the special findings was preserved.    Was there any evidence in the case which, regarded in its most favorable light to the plaintiff, required the submission of any issues to the jury?    An examination of the record discloses that the only testimony given to support the plaintiff's case emanated from himself. He entered the car upon which he was a passenger at about noon on the day on which the accident occurred.    He was standing at the

northeast corner of Thirteenth street and Avenue B, intending to take
a car going up town.    He was standing there for three or four min-
utes, on the northerly side of Thirteenth street.   . The car approached,
and he signaled to the driver to stop.    It was an open car, with a
footboard running lengthwise on the outside.    He got upon that foot-
board in safety.    Standing in the street, some 20 feet north of the
point at which the plaintiff got upon the car, was a wagon.    While
he was still upon the footboard, the car passed the wagon, and the
hub of the wheel struck the plaintiff, and caused the injuries from
which he suffered.    That wagon was standing thus in the street while
the plaintiff was awaiting the approach of the car.    He boarded the
car near the rear seat.    There was nothing whatever to prevent his
walking directly into the car when he got on board.    He testifies:
"If I made a step forward, there was nothing to prevent my walking
into the car.    There was nothing to prevent my getting on that back
seat, which was the seat immediately in front of the conductor, nor to
prevent my getting upon the back platform, where the conductor
stood."    "The back platform was not occupied by any other than by
the presence of the conductor."    The plaintiff stood upon the longi-
tudinal step of the car, talking with the conductor.    Before he
stepped upon the car, he saw the wagon.    He says he did not see it
near the railroad tracks, but he saw it near the pavement.    "I saw
the wagon, wherever it was."    It stood parallel with the sidewalk,
and the shafts were pointing north.    There were other wagons also
standing in the same situation with reference to the pavement. There
was another standing "twenty, twenty-five, or eighteen feet north of
the place where I got on."    There were no horses attached to any of
these wagons, and their shafts were all pointing north.   The situa-
tion of the plaintiff, therefore, was that he mounted upon the step of
this car knowing that there were obstructions in the street, 18 or 20
feet in front of the point at which he got upon the car; that he stood
upon the footboard, talked with the conductor, knew that the car was
proceeding, might have entered into the car, and taken a seat, or stood
upon the back platform in perfect safety, and yet he remained in the
position he took on boarding the car, and kept himself exposed to
the danger of an accident.    Under such circumstances, the plaintiff
did not show that he was free from negligence contributing to the
injury.    There was not sufficient evidence to authorize an inference
that there was such freedom from negligence on his part, but exactly
the contrary.    The case, in all its material features, is almost identi-
cal with that of Moylan v. Railroad Co., 128 N. Y. 583, 27 N. E. 977.
It is quite plain that, if there were any negligence at all, it was in part
that of the plaintiff, who should have seen, and did see, the obstruc-
tions in the street in front of him, and, notwithstanding that, kept
himself in a position which turned out to be one of danger, and which
he could have avoided readily by going to a place of complete safety
on the car, which was accessible to him.

The nonsuit was properly granted, and the judgment should be af-
firmed, with costs.    All concur.